# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CRAIG D. SCOTT, TRUSTEE OF THE CRAIG D. SCOTT REVOCABLE TRUST, et al., | CASE NO. 2:21-cv-03993 |
| Plaintiffs, | JUDGE WATSON |
| vs. | MAGISTRATE JUDGE DEAVERS |
| JEROME TOWNSHIP, | **DEFENDANT JEROME TOWNSHIP'S MOTION TO DISMISS** |
| Defendant | |

Now comes Defendant Jerome Township, by and through counsel, and hereby moves this Honorable Court, pursuant to Fed. R. Civ. P 12(b)(6), for an order dismissing Plaintiffs' First Amended Complaint. A memorandum in support is attached hereto and incorporated herein.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/Michael S. Loughry*
MICHAEL S. LOUGHRY  (0073656) – Trial Attorney
DOUG HOLTHUS  (0037046)
SHAFIYAL A. AHMED  (0100300)
175 South Third Street, Suite 1000
Columbus, OH  43215
(614) 228-5931
(614) 228-5934 – Fax
dholthus@mrrlaw.com
mloughry@mrrlaw.com
sahmed@mrrlaw.com

Counsel for Defendant Jerome Township

**I.      INTRODUCTION AND SUMMARY OF ARGUMENT**

This lawsuit involves several developers and land owners who claim that "[z]oning in Jerome Township is broken" simply because they do not like Jerome Township ("Township") residents invoking tools of direct democracy. See Plaintiffs' First Amended Complaint ("FAC"), ¶ 1. Plaintiffs are not pleased because these residents, via the referendum process, have rejected applications to rezone their properties from Rural Residential ("RD") to Planned Development Districts ("PDD"). These Plaintiffs are now attempting to use this Court to circumvent the will of the Township's voters and the legal effects of the legitimate referendums.

The twelve separate Plaintiffs have filed this suit jointly, but there are four separate developments at issue in this case. See generally FAC. Plaintiffs Craig D. Scott, Trustee of the Craig D. Scott Revocable Trust; Jerry L. Scott, Co-Trustee of the Jerry Lynn Scott Trust; Judith E. Scott, Co-Trustee of the Jerry Lynn Scott Trust; Phillip E. Scott, Co-Trustee of the Scott Family Living Trust U/A/D 9/25/2014; Mary Susan Scott, Co-Trustee of the Scott Family Living Trust U/A/D 9/25/2014; T-Bill Development Co., LLC; and Pulte Homes of Ohio LLC are involved with developing The Homestead at Scotts Farm. See FAC, ¶¶ 71-117. Plaintiffs Paul C. Haueisen; The Paragon Building Group, Ltd.; and Walbonns LLC are involved with developing Rolling Meadows. See FAC, ¶¶ 118-149. Plaintiff Wicked Chicken, LLC is involved with developing The Farm at Indian Run. See FAC, ¶¶ 150-188. Finally, Plaintiff Jerome Village Company, LLC is involved with developing The VN-10 Development. See FAC, ¶¶189-216. While the various Plaintiffs are involved in different development projects, they are asserting essentially the same claims against Defendant Jerome Township, and Jerome Township is moving to dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

A motion to dismiss under Fed. R. Civ. P 12(b)(6) requires assessment of the facial sufficiency of the complaint. A court must "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle [it] to relief." *Doe v. Bredesen*, 507 F.3d 998, 1003 (6th Cir. 2007). While this is "a liberal pleading standard," the complaint must still "contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Id*. (internal citations omitted).

Plaintiffs' First Amended Complaint fails to state any claims for relief for the following reasons: (1) as a matter of law, Plaintiffs have no protected property interests in their requested zoning amendments, as the amendments were defeated by referendums before they could become effective; (2) Plaintiffs have failed to show how the voters' referendums were arbitrary and capricious as each had a foundation in reason consistent with the surrounding uses of the properties; (3) Plaintiffs have not been subject to unequal treatment of the law as all property owners seeking zoning amendments face the possibility of a referendum vote; and (4) Plaintiffs' requests for Declaratory Judgment are inappropriate because, as demonstrated below, there is no actual controversy in dispute as required by 28 U.S.C. § 2201(a).

Plaintiffs filed suit, pursuant to 42 U.S.C. § 1983, on the basis that the actions of the Township residents to reject Plaintiffs' rezoning applications "deprived Plaintiffs of their property and liberty interests under color of law without due process in violation of the Due Process Clause" and "subjected Plaintiffs to unequal treatment of the law under color of law in violation of the Equal Protection clause." FAC, at ¶¶ 230, 237. Plaintiffs alternatively allege that the Township's "imposition of the [RD] zoning classification on Plaintiff's properties – and failure to remove the

[RD] zoning classification – interferes with Plaintiff's investment-backed expectations and results in severe detrimental economic impacts . . . . functionally equivalent to a direct appropriation of the properties and therefore constitutes a regulatory taking." FAC, at ¶¶ 264, 265. Likewise, this "imposition" of the zoning classification "goes so far and destroys the value of Plaintiffs' property to such an extent that it has the same effect as a taking by eminent domain." FAC, at ¶ 271.

Plaintiffs further seek declaratory judgments rezoning the Scott Property, the Paragon Property, the Caldwell Property, and the VN-10 Property to the Planned Development District and approving the respective developments as "constitutional, reasonable, substantially related to the public health and safety, and consistent with the Comprehensive Plan." FAC, at ¶¶ 247, 252, 257, 262.

Plaintiffs mischaracterize Township residents' efforts to govern themselves as "status quo zoning" that is "inherently exclusionary, arbitrary, capricious, and illegal." FAC, at ¶ 56. These terms are used to support Plaintiffs' attempt to supersede the will of the voters, who successfully rejected Plaintiffs' Zoning Applications via referendums, masked as causes of action for violations of due process and equal protection rights.  Ultimately, the facts and allegations set forth in Plaintiffs' First Amended Complaint reveal that the proposed Zoning Applications at odds with the Township Comprehensive Plan and residents' desires.  Additionally, Plaintiffs' actual knowledge of these clashes and the possibility of referendum preclude any deprivation of interests under 42 U.S.C. § 1983.

II.     **LAW AND ARGUMENT**

    A.     **Plaintiffs' Violation of Substantive Due Process Claim Should be Dismissed as Plaintiffs Have No Constitutionally Protected Property Interest in the Development of Their Land.**

The Fourteenth Amendment prohibits governmental actions which deprives "any person of life, liberty, or property, without due process of law." U.S.CONST. AMEND. XIV. In the zoning and land use context, the Sixth Circuit has held that "[s]ubstantive due process . . . . protects citizens from being subject to 'arbitrary or irrational zoning decisions.'" *Paterek v. Vill. of Armada, Mich.*, 801 F.3d 630, 648 (6th Cir. 2015). To succeed on a substantive due process claim based on this theory, a plaintiff is required to show that (1) a constitutionally protected property or liberty interest exists, and (2) the constitutionally protected interest has been deprived through arbitrary and capricious action." *Id*.

The Sixth Circuit applies an "Entitlement Test" to determine whether an alleged property right is protected by the Fourteenth Amendment. *Wedgewood Ltd. P'ship v. Twp. of Liberty, Ohio*, 456 F. Supp. 2d 904, 931 (S.D. Ohio 2006). Under this test, a protectable property right exists only if a plaintiff has a "legitimate claim of entitlement" or "justifiable expectation" in the approval of their development plan. *Id*.

Plaintiffs First Amended Complaint demonstrates that the Jerome Township Board of Trustees has the discretion to approve or deny a request to rezone property. Specifically, Plaintiffs describe the process of the Trustees voting to rezone each of the four projects at issue. See FAC, ¶¶ 71-216. Also, Ohio law grants the Township's electorate referendum power to override zoning amendments adopted by township trustees. It provides, in pertinent part:

> Such amendment adopted by the board shall become effective in thirty days after the date of such adoption unless within thirty days after the adoption of the amendment [or supplement] there is presented to the board of township trustees a petition, signed by a number of registered electors residing in the unincorporated area of the township or part thereof included in the zoning plan equal to not less than eight percent of the total vote cast for all candidates for governor in such area . . . ., requesting the board of township trustees to submit the amendment to the electors of such area for approval or rejection at a special election . . . .

5

> No amendment for which such referendum vote has been requested shall be put into effect unless a majority of the vote cast on the issue is in favor of the amendment.

Ohio Rev. Code Ann. ("O.R.C.") § 519.12(H) (West). See also *Benalcazar v. Genoa Twp.,* Ohio, S.D. Ohio No. 2:18-CV-01805, 2020 WL 4933797 (Aug. 24, 2020) (Court dismissed Plaintiff's claim of Due Process violation as Plaintiffs failed to establish that the Board of Trustee's and/or the Township's electorate did not have the discretion to deny Plaintiffs the ability to develop the land.).

In *Benalcazar*, the Intervenors moving to dismiss Plaintiffs' claims relied on *Kenney v. Blackwell*, No. 99-3975, 2000 WL 977368 (6th Cir. July 7, 2000), to argue that Plaintiffs' due process claim must be dismissed because they had no protected property interest in having their property re-zoned from a Rural Residential property to a Planned Residential Development. *Benalcazar*, at *2. In *Kenney,* the Appeals Court agreed with the District Court's finding that Plaintiff did not have a protected property interest in his requested rezoning amendment because the amendment was defeated by referendum before it would have become effective, despite previously being approved by the zoning officials. *Kenney*, at *1-3. The Court noted that while Plaintiff had a right to petition for an amendment, he had no entitlement to that amendment since it was subject to referendum under O.R.C. § 519.12(H). *Id*., at *3. The *Benalcazar* Court similarly reasoned that Plaintiffs did not have a constitutionally protected property interest in the development of their land as Genoa Township has the discretionary authority to approve or deny Plaintiffs the right to develop their property. *Benalcazar*, at *3, citing *Kenney*, at *3.

Similarly, Plaintiffs here allege that Jerome Township arbitrarily departed from the zoning approval and restored the RD zoning designation from the previous designation of PDD, and concomitantly deprived Plaintiffs of their vested rights under the United States Constitution to use

their Property in accordance with the rezoning to PDD. See, e.g., FAC, ¶¶ 30, 56, 57, 70, 110-117, 139-149, 178-188, 211-216, 226, 232.

However, as explained above, at no point were Plaintiffs *entitled* to have their property rezoned to PDD, even if their rezoning applications were consistent with the Comprehensive Plan. See *Benalcazar*, at *3, citing *Kenney*, at *3. Even where the Board approves a re-zoning request, the Ohio Revised Code grants the Township's electorate the discretion to override the Board's decision. See O,R.C. § 519.12(H). As such, Plaintiffs had no cognizable property right to PDD zoning and had no vested right to develop the subject properties under any zoning classification other than RD. Plaintiffs' right to develop the properties under RD is the only preexisting right they had. See, e.g., *Benalcazar* and *Kenney*.

Plaintiffs had no preexisting rights to develop their land under PDD zoning, and the prior approval of Plaintiffs' preliminary development plans did not give them protected property interests in the development of their land; their plans were contingent upon their properties being re-zoned to Planned Residential Development, and any such amendments are subject to referendum. See O.R.C. § 519.021(A); see also *Benalcazar*, at *3, citing *Kenney*, at *3. Further, Plaintiffs have not established or otherwise pleaded that the Township electorate lacked discretion to deny them permission to develop the properties. See *J-II Enters., LLC v. Bd. Of Comm'rs of Warren Cty.*, Ohio 135 Fed.App'x 804, 807 (6th Cir. 2005) As the *J-II Enterprises* Court stated, "[l]and owners have no constitutionally protected interest in developing their land unless zoning authorities lack discretion to deny the land owners permission to develop the land." *Id*. In this case, both zoning authorities and the electorate have such discretion.

In addition to failing because they do not have a constitutionally protected property interest, Plaintiffs substantive due process claim fails as a matter of law because Plaintiffs have failed to

7

show that the referendums were arbitrary and capricious. In *Nectow v. City of Cambridge*, 277 U.S. 183, 187–88, 48 S.Ct. 447, 448, 72 L.Ed. 842 (1928), the United States Supreme Court held that a court should not interfere with local zoning decisions unless the locality's action "has no foundation in reason and is a mere arbitrary or irrational exercise of power having no substantial relation to the public health, the public morals, the public safety or the public welfare in its proper sense." The locality's actions, in this case the electors' referendums, are not arbitrary or capricious.

Plaintiffs claim the referendum process and results are arbitrary, capricious, unreasonable, and do not bear a substantial relationship to Jerome Township's Comprehensive Plan or the public health and safety. FAC, ¶¶ 233, 234. To support these claims, Plaintiffs state, among other things:

- One community member questioned whether Rolling Meadows maintains the "value" of the community. Another stated that he did not want the "type of development" that Rolling Meadows would bring to Jerome Township. FAC, ¶ 143;
- A neighboring property owner complained that the rezoning should be rejected because the Farm at Indian Run would destroy the area through "urbanization." FAC, ¶ 174;
- One community member posted on social media that "you have the cowards at Jerome Twp approving every single build permit for some postage stamp lot with cheaply build [sic] 'mcmansion' meanwhile they can't even take care of the existing residents in the rural areas. FAC, ¶ 182;
- Proponents claimed that: "Builders are being GREEDY by trying to cram in as many homes as possible without a thought to their impact." FAC, ¶ 183;
- One individual argued that the rezoning should be denied because of the "kind of clientele it draws. . . [being] on the lower end of the housing market." FAC, ¶ 224.

Plaintiffs elsewhere throughout their First Amended Complaint frame the Township's residents' desires to maintain and preserve its rural character as illegitimate reasons to initiate the

8

referendums. See e.g., FAC, ¶¶ 1, 9, 13, 54-59, 62, 63, 66, 71, 105, 115, 118, 141, 150, 179, 180, 187, 189, 216, 226, 227, 234.

As a threshold matter, a court may consider certain materials outside of the pleadings without converting the motion to one for summary judgment. These materials include, "exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Father Flanagan's Boys Home v. Donlon*, 449 F. Supp. 3d 739, 746 (S.D. Ohio 2020), citing *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (emphasis added)). This Court can thus consider the Township's Comprehensive Plan in its entirety, as it is a public record and referred to and cited heavily in Plaintiffs' Complaint (but tellingly not attached as an exhibit thereto).

With its location between Dublin and Marysville along the US 33 corridor - both of which have relatively aggressive growth plans - the Township realized that its ability to stop new growth is diminishing. Comprehensive Plan 1-5, attached hereto as Exhibit "A". Indeed, the Comprehensive Plan states explicitly and in bold-type print that the Plan's number one goal is to "preserve and retain the rural character of Jerome Township." *Id.* This goal is commensurate with the residents' desires: "the people of Jerome Township love the rural character that characterizes and surrounds their homes, and they do not want to lose that." *Id.*

What Plaintiffs frame as arbitrary, capricious, and unreasonable reasons for initiating the referendums are the same reasons set forth in the Comprehensive Plan which Plaintiffs repeatedly claim they diligently adhered to in order to appease the Township's residents. See, e.g., FAC, ¶ 9. The Township incorporated the residents' desires into the Comprehensive Plan, and the reasons

9

set forth by Plaintiffs for the referendums correspond to those desires to maintain the rural character of the Township. It is difficult to envision how these referendums, motivated by the exact reasons set forth in the Comprehensive Plan, have no foundation in reason and are merely arbitrary or irrational exercise of power having no substantial relation to the public morals or the public welfare. See *Nectow*. After all, "[t]he Rural Residential zoning district is a vestige of Jerome Township's rural heritage." FAC, ¶ 48.

Plaintiffs' First Amended Complaint fails to plead any facts that support a denial of due process, whether substantive or procedural. Count I of Plaintiffs' Complaint should be dismissed.

### B. Plaintiffs' Equal Protection Claim Should Be Dismissed as Plaintiffs Have Not Been Subject to Unequal Treatment of the Law.

The Equal Protection Clause "safeguards against the disparate treatment of similarly situated individuals as a result of government action that either burdens a fundamental right, targets a suspect class, or has no rational basis." *Paterek v. Vill. of Armada, Mich.*, 801 F.3d 630, 649 (6th Cir. 2015) (internal quotations and citation omitted). A class-of-one Equal Protection claim, as asserted here, is premised on the theory that Plaintiffs, due to animus, were treated differently than similarly situated individuals. See *id*., at 649-50. To succeed on this type of claim, Plaintiffs must allege either (1) disparate treatment from similarly situated individuals with no rational basis for the difference, or (2) that the challenged conduct was motivated by animus or ill-will. *Id*., at 650.

To support this claim, Plaintiffs must establish or sufficiently plead enough facts to lead to an inference that the Township intentionally treated them differently from others similarly situated and there was no rational basis for the difference in treatment. *Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000).

Plaintiffs state in their Complaint:

- Residential developments are put to a referendum regardless of the size of the development. See FAC, ¶ 7;
- The individuals initiating the referendums are opposed to any new residential development. See FAC, ¶ 58;
- The individuals initiating the referendums claim new residential development (**not just Plaintiffs' developments**) will somehow degrade the Township. See FAC ¶ 59;
- The individuals initiating the referendums claim additional residential development (**not just Plaintiffs' developments**) will somehow transform Jerome Township into an "urban" area. See FAC, ¶ 62;
- These individuals prevent **new residential development from occurring in the Township** regardless of whether the residential development satisfies the Zoning Resolution and Comprehensive Plan. See FAC, ¶ 63;
- "**In each and every instance**, this group of individuals initiated, or attempted to initiate, a referendum." FAC, ¶ 66;
- Despite the numerous residential rezonings that have been approved in Jerome Township by Township officials over the last several years, only one residential rezoning application was approved without a referendum attempt. See FAC, ¶ 67.

Plaintiffs' First Amended Complaint demonstrates that there was no disparate treatment as all recent residential rezonings have been subjected to the referendum process. Plaintiffs specifically plead "[i]ndeed, despite the numerous residential rezonings that have been approved in Jerome Township by Township officials over the last several years, only one residential rezoning application, which was approved in March 2020, has been approved without a referendum attempt – an anomaly caused by the global pandemic's impact on door-to-door signature gathering." FAC, ¶ 67. Plaintiffs' properties were treated consistent with all but one recent rezoning, no differently. Even viewing the allegations set forth above in the light most favorable to the Plaintiffs demonstrates that they were not "singled out" nor were they treated less fairly than those similarly situated. This consistent treatment also supports an inference of a lack of animus or ill will.

11

Plaintiffs' zoning amendment applications were submitted to township electors for approval or rejection by referendum pursuant to O.R.C. § 519.12(H). The referendums were constitutional under the rational basis standard because all property owners seeking zoning amendments face the possibility of a referendum vote. See *Kenney v. Blackwell*, 2000 WL 977368, at *3.

Additionally, Plaintiffs have failed to allege sufficient facts to plead, or otherwise reasonably draw an inference, that the subject voter referendums were motivated by animus or ill-will. Accordingly, Plaintiffs Equal Protection claim stated in Count II should be dismissed.

### C. Plaintiffs' Claims for Declaratory Judgment Are Inappropriate as There is No Actual Controversy In Dispute as Required by 28 U.S.C. § 2201(a) as Demonstrated Above and Should Be Dismissed.

Each Plaintiff group is seeking a declaration from this Court regarding the subject zoning classifications. Such a declarations are not supported by the law or facts, as articulated above. Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), there must be an "actual controversy within its jurisdiction . . . ." for the Court to have subject matter jurisdiction. *Id.*

Here, as demonstrated above, there is no actual controversy for the same reasons as in *Benalcazar*; Plaintiffs sought rezoning that was approved by the Board of Trustees but subsequently prevented via referendum, pursuant to and as authorized by O.R.C. § 519.12(H). As in *Benalcazar*, this Court should also dismiss Plaintiffs' requests for Declaratory Judgments because "whether a declaration that re-zoning Plaintiffs' property to a Planned Residential Development is constitutional [is] not an issue that [is] in dispute." *Id.*

Accordingly, Counts III, IV, V and VI should be dismissed.

### D. Plaintiffs' Claims of Regulatory Taking and Taking By Eminent Domain Should Be Dismissed - There Is No Regulatory Taking As Plaintiffs Knew of Both the Zoning Restrictions and Referendum Process and Plaintiffs Have Not Been Denied Due Process.

Under certain circumstances, a regulatory taking may be found if a regulation "impedes the use of property" even if the owner is not deprived of "all economically beneficial use." Factors to be considered include: "(1) the economic impact of the regulation on the claimant; (2) the extent to which the regulation has interfered with distinct investment-backed expectations; and (3) the character of the governmental action.*" Murr v. Wisconsin*, 137 S.Ct. 1933, 1938 (2017), citing *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104 (1978).

Plaintiffs cite the second regulatory takings factor under *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104 (1978) —the extent to which the challenged regulation interferes with the private property owner's distinct investment-backed expectations—as grounds for their takings claim. The Supreme Court indicated in *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1006 (1984) that such expectations must be reasonable and that failure to prove investment-backed expectations can defeat a takings claim.

*Ruckelshaus* involved a challenge to a federal statute requiring disclosure of trade secrets as part of applications for pesticide registration. *Id*., at 990. The Court held that the disclosure requirement did not result in a taking of property (trade secrets) because the statute gave the company notice of the disclosure requirement and the company knew about the requirement. In rejecting the takings claim in *Ruckelshaus* the Court emphasized that the company knew about the property restriction in advance of its claim. *Id*., at 1005-06. The Court specifically pointed out that "Monsanto was on notice of the manner in which EPA was authorized to use and disclose any data turned over to it by an applicant for registration." *Id*., at 1006.

Similarly, construing all of the facts alleged in Plaintiffs' First Amended Complaint in a light most favorable to them, the Plaintiff property owners here were constructively and actually aware when they either purchased or otherwise attempted to sell or develop the land that they were

restricted by the RD zoning regulation. In other words, the Plaintiffs knew that their land was not allowed to be developed to their desired specifications under the in place regulatory scheme. Further, the Plaintiffs knew, as demonstrated by their knowledge of the Township's referendum history, that they too would be subject to the same referendums pursuant to O.R.C. § 519.12(H). The Plaintiffs therefore could not (and did not) purchase or sell the land out of a reasonable reliance that the land would not be subject to such restrictions or referendums. Given the foregoing, applying the logic from *Ruckelshaus*, it is impossible to conclude that the referendums interfered with Plaintiffs' investment-backed expectations.

As stated above, Plaintiffs First Amended Complaint fails to plead sufficient facts that support a denial of due process, whether substantive or procedural, as Plaintiffs have no constitutionally protected property interest or right to develop under a PDD.

Counts VII and VIII should be dismissed.

### III. CONCLUSION

Plaintiffs' claims all arise under 42 U.S.C. § 1983. But Plaintiffs cannot prove any set of facts in support of those claims that would entitle them to relief, even construing all facts set forth in the Complaint in a light most favorable to them.

                                                 Respectfully submitted,

                                                 MAZANEC, RASKIN & RYDER CO., L.P.A.

                                               *s/Michael S. Loughry*
                                               MICHAEL S. LOUGHRY (0073656) – Trial Attorney
                                               DOUG HOLTHUS (0037046)
                                               SHAFIYAL A. AHMED (0100300)
                                               175 South Third Street, Suite 1000
                                               Columbus, OH 43215
                                               (614) 228-5931; (614) 228-5934 – Fax
                                               dholthus@mrrlaw.com
                                               mloughry@mrrlaw.com
                                               sahmed@mrrlaw.com
                                               Counsel for Defendant Jerome Township

**CERTIFICATE OF SERVICE**

I hereby certify that on Sunday, September 7, 2021, a copy of the foregoing Motion to Dismiss was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                      *s/Shafiyal A. Ahmed*
                                      SHAFIYAL A. AHMED  (0100300)
                                      Counsel for Defendant Jerome Township

HUDSON-21C081/Motion to Dismiss