**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Craig D. Scott, Trustee of The Craig D. Scott Revocable Trust**, *et al.*, | : : : | **Case No. 21-CV-03993** |
| *Plaintiffs*, | : : | |
| v. | : : | **Judge Michael H. Watson** |
| **Jerome Township, Ohio**, | : : : | **Chief Magistrate Judge Elizabeth A. Preston Deavers** |
| *Defendant*. | : : | |

**JOINT NOTICE OF PROPOSED SETTLEMENT**

Now come Plaintiffs Craig D. Scott, Trustee of The Craig D. Scott Revocable Trust, Jerry L. Scott, Co-Trustee of The Jerry Lynn Scott Trust, Judith E. Scott, Co-Trustee of the Jerry Lynn Scott Trust, Phillip E. Scott, Co-Trustee of The Scott Family Living Trust U/A/D 09/25/2014, and Mary Susan Scott, Co-Trustee of The Scott Family Living Trust U/A/D 09/25/2014 (collectively, the "Scott Family"), Paul C. Haueisen, T-Bill Development Co., LLC ("T-Bill"), Pulte Homes of Ohio LLC ("Pulte"), The Paragon Building Group, Ltd. ("Paragon"), Walbonns LLC ("Walbonns"), Wicked Chicken, LLC ("Wicked Chicken"), Jerome Village Company, LLC ("JVC") (the foregoing are collectively "Plaintiffs"), and Defendant Jerome Township, Ohio (the "Township," or "Defendant") (collectively, Plaintiffs and Defendant are the "Parties") to hereby notify the Court of a proposed settlement of this litigation pursuant to Ohio Rev. Code § 505.07.

The terms of the proposed settlement are memorialized within a consent decree ("Consent Decree"). A true and accurate copy of the proposed Consent Decree is attached as Exhibit A. The Jerome Township Board of Trustees ("Board of Trustees" or "Trustees") published notice of a public hearing on the proposed Consent Decree for December 20, 2021 at 7:00 pm at the Jerome

Township Hall.  In the event the Board of Trustees approves the Consent Decree, the Parties intend to thereafter file the approved Consent Decree with the Court, along with evidence satisfying the procedural requirements in Ohio Rev. Code § 505.07.  As set forth herein, the Consent Decree constitutes a fair and reasonable settlement of the claims in this matter.

## I.     BACKGROUND

Plaintiffs are landowners and developers who filed suit in this Court, alleging that the Township, through misuse of the referendum process, prevented Plaintiffs from developing their properties (the "Properties").  Each of the Plaintiffs' planned developments complied with the Township Zoning Resolution and the Township's Comprehensive Plan.  Township officials approved Plaintiffs' applications to rezone their Properties from Rural Residential ("RU") to Planned Development District ("PD") (the "Rezonings") as well as development plans for the Properties (the "Original Development Plans").

Thereafter, Plaintiffs allege that the Township misused the referendum process to delay and ultimately block Plaintiffs from developing residential communities known as: (1) the Homestead at Scotts Farm; (2) Rolling Meadows; (3) the Farm at Indian Run; and (4) the VN-10 Development, a part of Jerome Village and the Eversole Run Master Sewer District (collectively, the "Developments").  Plaintiffs also allege that the Township has and will inevitably continue to delay and prevent land within the Eversole Run Master Sewer District from being developed consistent with the Township's Comprehensive Plan.

Through their Amended Complaint filed on August 20, 2021, Plaintiffs assert eight causes of action concerning the Developments: (1) deprivation of Plaintiffs' property and liberty interests without due process of law in violation of the Due Process Clause of the United States Constitution; (2) unequal protection of law in violation of the Equal Protection Clause of the United States

Constitution; (3) declaratory judgment that the rezoning of the Scott Properties to PD and approving the Homestead at Scotts Farm Development is constitutional, reasonable, substantially related to the public health and safety, and consistent with the Comprehensive Plan; (4) declaratory judgment that the rezoning of the Paragon Property to PD and approving the Rolling Meadows Development is constitutional, reasonable, substantially related to the public health and safety, and consistent with the Comprehensive Plan; (5) declaratory judgment that the rezoning of the Caldwell Property to PD and approving the Farm at Indian Run Development is constitutional, reasonable, substantially related to the public health and safety, and consistent with the Comprehensive Plan; (6) declaratory judgment that the rezoning of the VN-10 Property to PD and approving the VN-10 Development is constitutional, reasonable, substantially related to the public health and safety, and consistent with the Comprehensive Plan; (7) in the alternative, a regulatory taking of Plaintiffs' Properties without just compensation in violation of the Fifth Amendment of the United States Constitution; and (8) a due process taking of Plaintiffs' Properties without just compensation in violation of the Fifth Amendment of the United States Constitution. (ECF No. 12.) Plaintiffs seek in excess of Thirteen Million Dollars ($13,000,000) in damages.

Jerome Township filed a Motion to Dismiss on September 7, 2021. (ECF No. 13). Thereafter, the Parties participated in lengthy settlement discussions that continued for several months. On December 3 and 4, 2021, Jerome Township published notice in the Marysville Tribune that a public hearing on the proposed Consent Decree would be held before the Board of Trustees on December 20, 2021. An affidavit of publication is attached as Exhibit B. On December 7, 2021, Plaintiffs published notice in the Marysville Tribune that the Parties intend to jointly file a proposed consent decree with this Court to approve the rezoning of certain land, approve specified

development plans and regulation text, and to settle this litigation. An affidavit of publication is attached as Exhibit C.

## II. THE REQUIREMENTS OF OHIO REVISED CODE SECTION 505.07 WILL BE SATISFIED

Pursuant to Ohio Rev. Code § 505.07, the Ohio General Assembly expressly authorized townships to settle court actions by a consent decree, notwithstanding a referendum, which may include an agreement to rezone the property involved in the action and approval of a development plan. To enter such decree, the statute requires the Court to make the following findings of fact:

1. The Board of Trustees published sufficient notice of its intent to meet and consider and take action on the agreement at least fifteen days before the meeting; and

2. The Plaintiffs published sufficient notice at least ten days prior to the submission of the agreement for this Court's review and consideration; and

3. The agreement is fair and reasonable.

Ohio Rev. Code § 505.07. Each of these conditions will be satisfied here.

First, the Board of Trustees provided more than fifteen days' notice of its December 20, 2021 hearing. (Exhibit B.)

Second, Plaintiffs published sufficient notice of the intent to file a consent decree with the Court. The notice was published in the Marysville Tribune on December 7, 2021. (Exhibit C.)

Third, the agreement is fair and reasonable. If approved by the Board of Trustees and the Court, among other terms, the proposed Consent Decree will end the litigation with prejudice, provide a mutual release and waiver, and compensate Plaintiffs for a portion of the damages incurred. The Consent Decree rezones the Properties in accordance with the Township's Comprehensive Plan and certain preliminary development plans and development requirements. When compared to the existing conditions, commitments, and Original Development Plans, the

proposed Consent Decree memorializes numerous concessions and commitments. Among other things, the proposed Consent Decree:

- Requires the Township be paid One Million Dollars ($1,000,000) to be spent on construction and equipping a new fire station;

- Requires the Township be paid One Million Two Hundred Fifty Thousand Dollars ($1,250,000) to fund certain Township needs over the next ten years;

- Requires the Township to cause certain plaintiffs to be paid Two Hundred Fifty Thousand Dollars ($250,000) in lieu of paying the more than Thirteen Million Dollars ($13,000,000) in damages, fees, and costs sought by Plaintiffs in this litigation;

- Applies certain development standards and requirements applicable to Jerome Village, which are touted as a model within the Township's Comprehensive Plan, to additional properties within the Eversole Run Master Sewer District;

- Requires all future commercial development within the Township be placed into a joint economic development district, permitting the Township to realize income tax revenues from such future commercial development;

- Reduces the number of dwelling units in the Rolling Meadows development by 136 units, eliminates the existing golf course from the development while preserving a large mature tree stand on the site;

- Requires certain neighborhood park amenities, landscaping, and buffering be provided within the Homestead at Scotts Farm development;

- Requires a multi-use path and clarifies setbacks to preserve and maximize open space and natural buffering within the Farm at Indian Run; and

- Provides certain trail connections for a multi-use path and additional landscaping and buffering within the VN-10 Development.

Consequently, the terms of settlement set forth in the Consent Decree are fair and reasonable.

In the event the Board of Trustees approves the proposed Consent Decree at its December 20, 2021 public hearing, the Parties shall thereafter file the approved Consent Decree and evidence establishing the satisfaction of the requirements set forth in Ohio Rev. Code § 505.07, for this Court's review and approval.

-6-

Respectfully submitted,

| | |
|---|---|
| /s/ *Joseph R. Miller* | /s/ *Michael S. Loughry* |
| Joseph R. Miller (0068463), *Trial Attorney* | Michael S. Loughry (0073656) |
| Christopher L. Ingram (0086325) | Doug Holthus (0037046) |
| Elizabeth S. Alexander (0096401) | Shafiyal A. Ahmed (0100300) |
| VORYS, SATER, SEYMOUR AND PEASE LLP | MAZANEC, RASKIN, & RYDER CO., L.P.A. |
| 52 East Gay Street, P.O. Box 1008 | 175 South Third Street, Suite 1000 |
| Columbus, Ohio 43216-1008 | Columbus, OH 43215 |
| Phone: (614) 464-6400 | (614) 228-5931 - Telephone |
| Fax: (614) 719-4630 | (614) 228-5934 - Fax |
| jrmiller@vorys.com | dholthus@mrrlaw.com |
| clingram@vorys.com | mloughry@mrrlaw.com |
| esalexander@vorys.com | sahmed@mrrlaw.com |
| *Counsel for Plaintiffs* | *Counsel for Defendant Jerome Township* |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by the Court's electronic filing notification system on December 14, 2021.

/s/ *Christopher L. Ingram*
Christopher L. Ingram (0086325)