**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **Craig D. Scott, Trustee of**<br>**The Craig D. Scott Revocable Trust**, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>**Jerome Township, Ohio**,<br><br>*Defendant*. | **Case No. 21-CV-03993**<br><br>**Judge Michael H. Watson**<br><br>**Chief Magistrate Judge<br>Elizabeth A. Preston Deavers** |

**JOINT SUBMISSION OF PROPOSED CONSENT DECREE FOR COURT APPROVAL
PURSUANT TO OHIO REVISED CODE SECTION 505.07**

**I.  INTRODUCTION**

Now come Plaintiffs Craig D. Scott, Trustee of The Craig D. Scott Revocable Trust, Jerry L. Scott, Co-Trustee of The Jerry Lynn Scott Trust, Judith E. Scott, Co-Trustee of the Jerry Lynn Scott Trust, Phillip E. Scott, Co-Trustee of The Scott Family Living Trust U/A/D 09/25/2014, and Mary Susan Scott, Co-Trustee of The Scott Family Living Trust U/A/D 09/25/2014 (collectively, the "Scott Family"), Paul C. Haueisen, T-Bill Development Co., LLC ("T-Bill"), Pulte Homes of Ohio LLC ("Pulte"), The Paragon Building Group, Ltd. ("Paragon"), Walbonns LLC ("Walbonns"), Wicked Chicken, LLC ("Wicked Chicken"), Jerome Village Company, LLC ("JVC") (the foregoing are collectively "Plaintiffs"), and Defendant Jerome Township, Ohio (the "Township," or "Defendant") (collectively, Plaintiffs and Defendant are the "Parties") and hereby respectfully submit for this Court's review and approval the proposed consent decree (the "Consent Decree"), attached hereto as Joint Exhibit A, as a full and final settlement of this case pursuant to Ohio Rev. Code § 505.07.

Consistent with the Joint Notice of Proposed Settlement (Doc. 25), the Jerome Township Board of Trustees conducted a public meeting on December 20, 2021, and approved the Consent Decree. Declaration of Douglas Stewart, attached hereto as Joint Exhibit B ("Stewart Decl."), ¶¶ 5-7. The terms of the approved Consent Decree remain the same as the proposed consent decree previously provided to the Court. (*Compare* Doc. 25-1 *with* Joint Ex. A.) On December 3 and 4, 2021, the Township published notice of the public meeting in the Marysville Tribune. An affidavit of publication is attached hereto as Joint Exhibit C. On December 7, 2021, Plaintiffs published notice in the Marysville Tribune that the Parties intended to jointly file a proposed consent decree with this Court to approve the rezoning of certain land, approve specified development plans and regulation text, and to settle this litigation. An affidavit of publication is attached hereto as Joint Exhibit D.

The Parties therefore submit that notices concerning the Consent Decree required by Ohio Rev. Code § 505.07 were published and the Consent Decree reflects a fair and reasonable settlement of this litigation. Consequently, the Parties respectfully request that the Court approve the Consent Decree.

**II.    THE REQUIREMENTS OF OHIO REVISED CODE SECTION 505.07 HAVE BEEN SATISFIED.**

Pursuant to Ohio Rev. Code § 505.07, the Ohio General Assembly expressly authorized townships to settle court actions by a consent decree, notwithstanding a referendum, which may include an agreement to rezone the property involved in the action and approval of development plan(s). To enter such decree, the statute requires the Court to make the following findings of fact:

    1.    The Board of Trustees published sufficient notice of its intent to meet and consider and take action on the agreement at least fifteen days before the meeting; and

    2.    The Plaintiffs published sufficient notice at least ten days prior to the submission of the agreement for this Court's review and consideration; and

      3.    The agreement is fair and reasonable.

Ohio Rev. Code § 505.07.  Each of these conditions was satisfied.

*First*, the Board of Trustees provided more than fifteen days' notice of its December 20, 2021 meeting.  The Township published notice of its meeting in the Marysville Tribune on December 3 and 4, 2021.  (Joint Exhibit C.)  The proposed consent decree was also publicly available at the Township's Fiscal Office during normal business hours.  (*See* Stewart Decl., Joint Exhibit B, at ¶ 4.)  The public meeting on the Consent Decree took place on December 20, 2021.  (*Id.* ¶ 5.)  Members of the public were permitted to attend and express their opinions.  (*Id.*)

*Second*, Plaintiffs published sufficient notice of the intent to file the Consent Decree with the Court.  The notice was published in the Marysville Tribune on December 7, 2021, more than 10 days prior to the filing of the attached Consent Decree on December 21, 2021.  (Joint Exhibit D.)

*Third*, the agreement is fair and reasonable.  If approved by the Court, among other terms, the Consent Decree will end the litigation with prejudice, provide a mutual release and waiver, and compensate Plaintiffs for a portion of the damages incurred.  (Joint Exhibit A.)  The Consent Decree rezones the Properties in accordance with the Township's Comprehensive Plan and certain preliminary development plans and development requirements.  (Joint Exhibit A.)  When compared to the existing conditions, commitments, and previously approved development plans, the Consent Decree memorializes numerous negotiated concessions and commitments.  Among other things, the Consent Decree:

- Requires the Township be paid One Million Dollars ($1,000,000) to be spent on construction and equipping a new fire station;

- Requires the Township be paid One Million Two Hundred Fifty Thousand Dollars ($1,250,000) to fund certain Township needs over the next ten years;

- Requires the Township to cause certain Plaintiffs to be paid Two Hundred Fifty Thousand Dollars ($250,000) in lieu of paying the more than Thirteen Million Dollars ($13,000,000) in damages, fees, and costs sought by Plaintiffs in this litigation;

- Applies certain development standards and requirements applicable to Jerome Village, which are touted as a model within the Township's Comprehensive Plan, to additional properties within the Eversole Run Master Sewer District;

- Requires all future commercial development within the Township be placed into a joint economic development district, permitting the Township to realize income tax revenues from such future commercial development;

- Reduces the number of dwelling units in the Rolling Meadows development by 136 units, eliminates the existing golf course from the development while preserving a large mature tree stand on the site;

- Requires certain neighborhood park amenities, landscaping, and buffering be provided within the Homestead at Scotts Farm development;

- Requires a multi-use path and clarifies setbacks to preserve and maximize open space and natural buffering within the Farm at Indian Run; and

- Provides certain trail connections for a multi-use path and additional landscaping and buffering within the VN-10 Development.

The Parties submit that the Consent Decree is a fair and reasonable resolution to disputed claims. The Parties therefore respectfully request that the Court approve and enter the Consent Decree.

Respectfully submitted,

| | |
|---|---|
| */s/ Joseph R. Miller* | */s/ Michael S. Loughry* |
| Joseph R. Miller (0068463), *Trial Attorney* | Michael S. Loughry (0073656) |
| Christopher L. Ingram (0086325) | Doug Holthus (0037046) |
| Elizabeth S. Alexander (0096401) | Shafiyal A. Ahmed (0100300) |
| VORYS, SATER, SEYMOUR AND PEASE LLP | MAZANEC, RASKIN, & RYDER CO., L.P.A. |
| 52 East Gay Street, P.O. Box 1008 | 175 South Third Street, Suite 1000 |
| Columbus, Ohio 43216-1008 | Columbus, OH 43215 |
| Phone: (614) 464-6400 | (614) 228-5931 - Telephone |
| Fax: (614) 719-4630 | (614) 228-5934 - Fax |
| jrmiller@vorys.com | dholthus@mrrlaw.com |
| clingram@vorys.com | mloughry@mrrlaw.com |
| esalexander@vorys.com | sahmed@mrrlaw.com |
| *Counsel for Plaintiffs* | *Counsel for Defendant Jerome Township* |

-5-

## APPENDIX OF JOINT EXHIBITS

- A. Consent Decree with Exhibits 1-6
- B. Declaration of Douglas Stewart
- C. Affidavit of Publication by Sherryl Sheets, dated Dec. 5, 2021
- D. Affidavit of Publication by Sherryl Sheets, dated Dec. 8, 2021

-6-

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was served by the Court's electronic filing notification system on December 21, 2021.

                                           */s/ Christopher L. Ingram*
                                           Christopher L. Ingram (0086325)