## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Craig D. Scott, Trustee of | : | |
| The Craig D. Scott Revocable Trust, et al.,: | | |
| | : | |
| Plaintiffs, | : | **Case No. 2:21-cv-03993** |
| | : | |
| v. | : | **Judge Michael H. Watson** |
| | : | |
| Jerome Township, Ohio, | : | **Chief Magistrate Judge** |
| | : | **Elizabeth A. Preston Deavers** |
| Defendant. | : | |

### ROBERT G. CHAPMAN & LYNDA L. CHAPMAN'S
### REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION
### TO MOTION TO INTERVENE

Now comes Robert G. Chapman and Lynda L. Chapman (hereinafter "Chapmans" or "Intervenors"), by and through their undersigned counsel of record, and hereby file their Reply to Plaintiff's Memorandum in Opposition to Chapman's Motion to Intervene and Defendant's joinder in said Memorandum in Opposition (ECF No's. 31 and 35).

Pursuant to Fed. R. Civ. P. 24(a), and as a matter of right, the Chapmans are entitled to Intervene in this pending matter in order to fully protect their property interests and object to the proposed Consent Decree submitted by the Parties in this case on December 21, 2021 (ECF. No. 34).

I.      Chapman's Meet the Standard for Intervention.

Fed. R. Civ. P. 24(a) allows a non-party to intervene by right when "it stands to have its interests harmed" by the case. *Glancy v. Taubman Centers, Inc*., 373 F. 3d 656, 670 n.13 (6th Cir. 2004). The Sixth Circuit has held that Rule 24 should be "broadly construed in favor of potential intervenors." *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, (6th Circuit

2007). Pursuant to that policy in favor of intervention, "close cases should be resolved in favor of recognizing an interest under Rule 24(a)." *Grutter v. Bollinger*, 188 F.3d 394, (6th Circuit 1999). A proposed intervener must establish four factors in order to intervene by right:

> (1) The motion to intervene is timely; (2) the proposed intervener has a substantial legal interest in the subject matter of the case; (3) the proposed intervenors ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenors

*Granholm,* 501 F.3d at 779.

Apparently from Plaintiff's perspective and argument the filing on December 14, 2021 of the Notice of the Proposed Settlement Agreement with the attached Consent Decree (ECF. No. 25), is preapproved and should not be subject to any objections by any interested parties who may object to the contravention of their statutory rights and impose additional burdens and intrusions on the use of the property. In addition, the Public Hearing on the proposed settlement was held on December 20, 2021 and no less than Twenty-four (24) hours later Plaintiffs file a submission of the Consent Decree. Thereby Chapmans' Motion to Intervene to protect their property interests and object to the proposed consent Decree on December 17, 2021 is timely. The Chapman's and the resident's efforts to object to the proposed Consent Decree all fall within the time frame the Consent Decree was presented to the Court for review by Plaintiffs and the Court should be informed of the objections. Plaintiff's would have the Court determine that any objection filed in opposition to the proposed Consent Decree be construed as irrelevant since it was not "timely" filed including the over a dozen vocal comments submitted to the Township Trustees at the Public Hearing on December 20, 2021. It is evident that Plaintiff's strategy is to rush the Consent Decree through the Township Trustee approval process and then obtain immediate Court approval with

2

total disregard, or any consideration of the impact of an additional 600 houses will have to the approximately 8,500 residents of Jerome Township and the attempt to subrogate the statutory process.

The Chapman's efforts to intervene are done at their time and expense as residents of the Township and are not supported by the vast financial and legal resources the Plaintiff's possess. What little resources that the Chapmans bring to this battle is solely to allow the Court to determine fairness and reasonableness of the Consent Decree pursuant to Ohio Revised Code (O.R.C.) Section 505.07. The Chapman's brought the Motion to Intervene within the same time frame that the Plaintiffs are arguing they have reached a settlement with Defendants and the Chapmans should be allowed to object to the settlement and protect their rights that are impaired by the Consent Decree terms. The Chapmans Motion is timely.

The Chapman's, and the residents of Jerome Township, will be directly harmed by the terms of the Consent Decree that attempts to circumvent the statutory process of O.R.C. Section 519.12. As clearly reflected by the Plaintiffs lack of acknowledging paragraphs 15, 16, 17 and 18 of the proposed Consent Decree, which holds that each of the Plaintiffs development plans will be approved "**without following the procedures in Ohio Revised Code Section 519.12, and without referendum or appeal**". Essentially the terms of the proposed Consent Decree deny the statutory right to any resident opposed to any development plan submitted to Jerome Township. Plaintiff's Memorandum in Opposition selectively ignores the direct harm to the Chapmans and the residents of the Township caused by the terms of the Consent Decree. At least Seventy percent (70%) of the township residents voted to deny the developments during the referendum. The Chapmans, and the residents of the Township, should be allowed to protect their statutory rights. The Chapman's Motion to Intervene should be granted.

In addition, and as reflected by the Public Hearing held on December 20, 2021, (ECF No. 36) the Township voted on approving the Consent Decree as it relates to all Four developments in direct contravention to reviewing and ruling on each development as they would do in the normal process. Each development has individual impacts to the surrounding residents and cannot be grouped in with each other. As reflected in their public comments attached hereto as Exhibit A and B, the Chapmans are directly impacted by the Wicked Chicken LLC development that abuts their property. The Consent Decree reflects that Wicked Chicken LLC is not required to modify their development plans in any fashion to accommodate the concerns raised by the Chapmans, nor contribute to the Township for settlement of the case but essentially ride the coat tails of the Jerome Village and the other Plaintiffs. If anything, the Court should bifurcate the Plaintiffs and decide if a settlement by the Defendants with each individual development is fair and reasonable instead of lumping them together.

The Chapmans are not adequately represented in this case by the Plaintiffs or Defendants who both have an agenda that is not in the best interest of the Chapmans or the township residents. The Chapmans, and the residents who spoke at the Public Hearing, all opposed the proposed Consent Decree despite only one Township Trustee indicating verbal support for it and subsequently voting in favor of approving the Settlement, (ECF No. 36) (attached Exhibit C). The Court should be aware that the Trustees voted 2 -1 to approve the Consent Decree and not one other resident or person spoke in support of the proposed Settlement (ECF No. 36). In addition, the Two Trustees voting in favor of the approval the Consent Decree are both lame duck trustees who will be replaced by 2 new Trustees after the first of the year. And, 2 of the 3 Trustees in 2022 would more than likely vote against approval of the Consent Decree. Despite Plaintiffs argument that the Chapmans interest are protected, clearly the out-going Trustees were not voting in the best

interest of the Chapmans or the residents of Jerome Township. The review and approval of the proposed Consent Decree by the Township Trustees has been a blatant disregard of the rights and concerns of not only the Chapmans, but all residents of Jerome Township, and the Chapmans rights are not represented, nor protected, by the Parties and they should be allowed to Intervene to protect those interests. Since neither the Plaintiffs or Defendants hold positions that protect the interests of the Chapmans, or the residents of Jerome Township, the Chapmans cannot join this action as either a Plaintiff or Defendant Intervenor but as a third party trying to protect their property rights and statutory rights to object to the proposed Consent Decree.

Allowing the Chapmans the opportunity to object to the terms and conditions of the proposed Consent Decree may lead to a fair and reasonable Settlement, and for the foregoing reasons respectfully requests that this Court grant their Motion to Intervene.

Respectfully submitted,

**DYAS LAW LLC**

/s/ *Charles R. Dyas, Jr.*
Charles R. Dyas, Jr., Esq.      (0034369)
cdyas@cdyaslaw.com
**DYAS LAW LLC**
P.O. Box 991
Marysville, Ohio 43040
Telephone:      614/499-5134
Facsimile:      937/347-3431
*Attorney for Intervenors*
*Robert G. Chapman and Lynda L. Chapman*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been served to the Clerk of Court via CM/ECF, this 23rd day of December 2021 and served electronically upon all Parties by and through counsel and the Court's CM/ECF system.

/s/ *Charles R. Dyas, Jr.*
Charles R. Dyas, Jr., Esq.   (0034369)

# EXHIBIT A

Dec 20, 2021

Bob Chapman---8343 McKitrick for over 30 years- adjacent to the proposed.Wicked Chicken-Farm at Indian Run

Jerome Township is seeing unprecedented growth.  The systems that protect the safety and quality of life of the majority of residents is being stressed to the limit—dangerous intersections, fire protection, emergency services, supplemental policing costs, school overcrowding with impending new levies, rising property taxes, and additional manpower expenses for township office

Four rezoning's and Planned Developments were overwhelming defeated by the residents of Jerome Township as they sought to have some meaningful impact on the rapid development of the township
A handful of large land owners and powerful, well financed Developers are now seeking to overpower the voting will of the people and force us to basically approve these 4 rezoning's as originally submitted with no significant concessions or modifications.  Jerome Village now agrees to pay a large sum to Jerome Township in what looks like rezoning for sale and a sellout of our rights.  This is not fair and reasonable

Approval of this consent decree will undermine any future referendum actions and set a dangerous precedent in our county and Ohio.  This decree is full of concessions by our Trustees and does not meet the required test of Fair and

Reasonable. Wicked Chicken recently purchased the previously protected woodlands on McKitrick Road-- with full knowledge of the Rural Residential zoning it enjoyed, then proceeded to destroy a majority of the mature tree area and now seeks to proceed with no concessions or modifications to the development plan that unequally provides no green space buffer on the East property line. Their conservation easement makes no real commitment or demands for sustained vegetation, privacy or buffering. This rezoning was defeated by over 85% of township voters for multiple reasons. This consent decree is not fair and reasonable and Wicked Chicken should not be included in this group.

The Plaintiffs have asked twice to extend their response to the motion to dismiss. It is now extended to Jan 28, 2022. We all paid for legal counsel to submit this well-crafted motion to dismiss and we now deserve to have it answered by the Plaintiffs before any consent decree is considered.

It appears that the accelerated vote on this consent decree is being driven by the 2 outgoing Trustees. I ask that this consent decree be denied or delayed until the motion to dismiss is answered by the Plaintiffs and ruled on by the court. Please find the courage to stand up to these Developers, support your residents and not trade our right to vote and be heard for a financial payout. Now is the time to be Fair and Reasonable.

# EXHIBIT B

This consent decree is not fair and reasonable. To allow 4 entirely different, unrelated developments to come together, trod on over 70% of the referendums voters' voices and bully a township into concessions strictly in their favor is a sham. As an adjacent property owner to Wicked Chicken, we stood before you last summer and brought our concerns over allowing a rezoning from Rural Residential to Planned Development in a mostly Rural Residential neighborhood of 5-10 acre properties. —we talked about the amount of trees that would be destroyed, which since then have been lumbered, that the west boundary line had 70' of green space not to be matched on the east. We questioned the safety concerns of one entrance and then, because there were over 30 homes, requiring an emergency entrance for fire and emergency services. Adding more traffic to a narrow, deep-ditched road that will have to also accommodate much of the soon to be 447 houses being brought by Glacier Pointe; even discussed an email from Wicked Chicken's law firm indicating that in exchange for our cessation of any vocal, testimony at hearings, or written opposition to the project, by any means, or by any referendum action, they would extend the "no build, preservation of trees, and greenspace" easement as an act of good faith, good will, and as an extra neighborly gesture - and if we didn't accept the agreement, they'd be forced to have us remove & remedy our sump pump outletting onto their property to which we had a "gentleman's" agreement with the previous property owner. We have lived in our home for over 30 years and intentionally selected this area because of the country living, a great place for horses, donkeys, and other farm animals; a peaceful setting, many natural surroundings and a long way to the grocery store. Never have we spoken out against anything in this township until all of these rezonings from Rural Residential to Planned Development started flooding in with approvals. It was soon to be noticed all the traffic congestion and accidents, our quaint little road becoming a cut through. We were losing our rural character that is spoken of in the Comprehensive Plan. And now fire and public safety levies suffer. How will they be received in the future? The referendum process provided a path of oversight. This is a cry from your residents. We are to whom you should be listening and supporting – more than the Industrial Parkway Business Assoc and developers whom over time leave the cleanup to us. Each one of these developments should have to settle in their own merit and at least have to consider their surrounding residents before letting Jerome Village pick up the tab. This consent decree will pave the way for the next developer who doesn't get their way to sue the township and again step on the rights of your residents. They have property rights too. I'm pleading with you to please allow the motion to dismiss be answered before taking any consent action. Please vote "No".

# EXHIBIT C

*Marysville* Since 1849
**Journal-Tribune**
*Union County's Only Daily Newspaper*
MARYSVILLE, OHIO 43040

🔍

Home  »  News  »  Jerome Trustees OK settlement deal

NEWS

# Jerome Trustees OK settlement deal

Residents voice opposition during public hearing

By Kayleen Petrovia  —  December 21, 2021   💬 No Comments   🕑 6 Mins Read



*Jerome Township resident Marilyn Valois, pictured at the podium at center, speaks to the Board of Trustees during a public hearing Monday regarding a consent decree between the township and a number of property owners and developers. Valois was among more than a dozen speakers opposed to the settlement. No speakers were in favor. (Journal-Tribune photo by Kayleen Petrovia)*

12/22/21, 10:32 AM
Jerome Trustees OK settlement deal - Marysville Journal-Tribune
Case: 2:21-cv-03993-MHW-EPD Doc #: 37 Filed: 12/23/21 Page: 14 of 16  PAGEID #: 572

A lengthy legal battle between Jerome Township and several developers and property owners was effectively settled Monday night, resulting in the approval of four residential developments.

In a 2-1 vote, the Board of Trustees approved a consent decree that will rezone the properties affiliated with the Homestead at Scotts Farm, Rolling Meadows, the Farm at Indian Run and Jerome Village Neighborhood 10 (VN-10) to Planned Development Districts. Trustee Megan Sloat dissented.

The preliminary development plans for each of the neighborhoods will also be approved "without referendum or appeal," according to the consent decree.

During a public hearing Monday, many residents asked the trustees how the settlement could avoid the results of separate referendum votes that struck down the rezoning of each property.

"I really don't understand why we're here because we, the citizens, voted," said Crottinger Road resident Matthew Friend.

The Ohio Revised Code allows townships to overrule the decision of a referendum election through a court-approved agreement.

Regardless of the legality of the trustees' actions, more than a dozen residents told members of the board that accepting the consent decree would not reflect the voices of those they represent.

"This is a cry from your residents," said Lynda Chapman, a McKitrick Road resident. Throughout their comments, speakers reiterated concerns shared throughout the initial zoning applications for each development.

They included concerns surrounding water runoff near former landfills; destruction of trees and other natural features; additional traffic and damage to existing roads; overcrowding of schools; a strain on public safety services and difficulty passing associated levies.

"Why would any trustee vote to add to the community's growing pains?" asked Hill Road resident Lucinda Burian.

Several residents emphasized that they are not opposed to development entirely but want to manage the pace at which it is happening.

"I'm not naïve enough to think Jerome Township is not going to grow but we need to do it in a way that preserves our rural community," said Taylor Road resident Christy Russell.

Aside from the effect new developments will immediately have on the area, some speakers emphasized the impact accepting such a settlement will have in the future.

A number of residents feared that the proposed consent decree would set a precedent that essentially allows developers to buy their way into the township.

McKitrick Road resident Bob Chapman described the agreement as "what looks like

rezoning for sale, in a sellout of our rights.

"The plaintiffs have finally shown us who they are... you must finally see them, too, as the indignant bullies they are," McKitrick Road resident Kevin Barney added.

While many residents pleaded with the trustees to reject the consent decree, others simply asked them to wait to make a decision.

Industrial Parkway resident Barry Adler, who was elected to the Board in November and will be seated in January, noted that the judge overseeing the case has not yet ruled on a motion to dismiss filed by the township.

Other residents hypothesized that the board was rushing to make a decision before the two outgoing trustees, Joe Craft and C.J. Lovejoy, are no longer on the board.

"Two of you are leaving – why are you even getting involved in this?" said Ketch Road resident David Shore. "We don't want you here anymore."

No matter their reasoning, Larry Mastella, a Brock Road resident, summed up the overwhelming opposition to the consent decree expressed by every person who spoke Monday.

"Where are the people standing up saying, 'Yes, we need to do this tonight?'" he asked.

Still, Craft insisted that the settlement "is in the best interest of all Jerome Township residents."

"I believe this is a fair settlement that avoids costly litigation that could cripple the township long-term and instead creates a flow of ongoing revenue and benefits for the township while allowing responsible, high-quality development to continue," he said.

Craft listed several terms of the agreement that he said would benefit the township.

Jerome Village Company, LLC will make a one-time cash contribution of $400,000 to be paid on or before Jan. 31, 2022. Beginning in January 2023, an annual cash contribution of $125,000 will be paid before Jan. 31 each year through 2032.

The company will also pay the township an additional $1 million for the construction of a firehouse and equipment for the department.

Craft noted that the settlement will result in "all future commercial development" becoming a part of the Joint Economic Development District (JEDD) between Jerome Township and the City of Marysville.

Additionally, he said an amendment will allow for a continuation of the Jerome Village Development Plan approved more than 10 years ago "requiring future development to comply with the same high-quality standards, green space commitments, infrastructure improvements and other public amenities."

Craft added that the Rolling Meadows development, on Industrial Parkway, will also have 100 fewer homes than initially approved.

"Were the litigation to go forward, I'm not willing to risk losing and becoming liable for millions of dollars in damages that (the township) does not have," Craft said.

Earlier settlement offers from the plaintiff demanded $13.4 million in damages, plus additional monthly accrual and attorney fees.

Through the consent decree, the Scotts Farm plaintiffs will be paid $25,000; Wicked Chicken, LLC will receive $25,000 and the Rolling Meadows plaintiffs will be paid $200,000.

The court is currently considering a motion to intervene filed by Bob and Lynda Chapman on Dec. 20.

The court is accepting statements from individuals who wish to object to or support the pending settlement until Dec. 23 at noon. The statements must be submitted in PDF format to Meg_Burrell@ohsd.uscourts.gov.

According to an order from U.S. District Court Judge Michael H. Watson, the parties shall respond to any objections on or before Dec. 27 at noon.

Comments are closed.

Click here to view our Sitemap

For all stories, complete text is available on our e-edition. Click here to view.

Marysville Journal-Tribune 207 N. Main St. (P.O. Box 226) Marysville, OH 43040 Union County's Only Daily Newspaper